**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4562

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENANTE BONITO QUERUBIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-04-2)

Submitted: August 24, 2005          Decided: October 11, 2005

Before LUTTIG, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Robert B. Rigney, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Laura M. Everhart, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Renante Bonito Querubin was convicted of possession with intent to distribute 73.91 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (2000), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2000). We affirm Querubin's convictions, but we vacate his sentence and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005).

Querubin claims the district court erred when it denied his motion to suppress his statements to the police because police officers violated his right to remain silent under Miranda v. Arizona, 384 U.S. 436 (1966). This court reviews the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). A defendant may waive his constitutional rights to remain silent and to have counsel present if he does so "voluntarily, knowingly and intelligently." Miranda, 384 U.S. at 444.

Querubin claims he could not understand the Miranda warnings because he is not fluent in English. While the limited ability to understand English may render a waiver of rights defective, a language barrier will not necessarily frustrate an effective waiver. See United States v. Guay, 108 F.3d 545, 549 (4th Cir. 1997). The police officers read Querubin his rights in

English and he responded in English that he understood those rights. The district court listened to a tape recording of the interview and noted that Querubin answered the questions in English with detail. The language barrier did not frustrate an effective waiver of Querubin's Miranda rights and the district court did not err when it denied his motion to suppress.

Querubin claims that the district court erred when it denied his motion in limine to exclude witness testimony about Querubin's prior drug possession. The decision to admit evidence is reviewed on appeal for an abuse of the trial court's discretion; the relevant inquiry therefore is whether the district court's exercise of discretion was "arbitrary or irrational." See United States v. Ellis, 121 F.3d 908, 926 (4th Cir. 1997).

The witnesses testified about events during the year prior to Querubin's arrest, but did not testify about the events charged in the indictment. The witness testimony provided context and was probative of Querubin's methamphetamine activities. "While [Fed. R. Evid.] Rule 404(b) forecloses admission of similar acts evidence simply to prove a defendant's bad character, it permits such evidence where necessary to provide the context or res gestae of the charged offenses." United States v. Brewer, 1 F.3d 1430, 1436 (4th Cir. 1993). The testimony was relevant to show Querubin's intent to distribute the methamphetamine, the events testified about occurred only a few months prior to his arrest, the

- 3 -

testimony was reliable because it was similar in many respects to Querubin's statement to the police, and it was not unfairly prejudicial to Querubin. See United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). The district court did not abuse its discretion in denying Querubin's motion in limine and admitting into evidence the witnesses' testimony.

Querubin next claims that the district court erred at sentencing when it denied him a two-point reduction for acceptance of responsibility. Querubin did not plead guilty; instead, he went to trial. The adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial." U.S. Sentencing Guidelines Manual, § 3E1.1, comment. (n.2) (2003). A defendant may go to trial and still receive an adjustment for acceptance of responsibility, but such circumstances are rare and only warranted if the defendant went to trial "to assert and preserve issues that do not relate to factual guilt." Id. The district court did not clearly err when it found that Querubin did not qualify for an acceptance of responsibility adjustment.

Querubin claims the district court erred by not granting him a downward departure from his sentencing guideline range. A sentencing court's decision not to depart downward is not reviewable on appeal unless the district court's decision resulted from a mistaken belief that it lacked the legal authority to

depart.  United States v. Shaw, 313 F.3d 219, 222 (4th Cir. 2002).
The record discloses that the district court was aware of its
authority to depart and exercised its discretion in deciding not to
depart.  Therefore, this claim is not properly before us.

Querubin claims the district court erred in calculating
his criminal history category because the district court assigned
him criminal history points for the commission of the crime while
on probation for a prior offense pursuant to USSG §§ 4A1.1(d),
4A1.2.  He claims this enhancement violated Booker because the
district court's finding that he committed the offense while on
probation was a fact not found by the jury beyond a reasonable
doubt.

In Almendarez-Torres v. United States, 523 U.S. 224
(1998), the Supreme Court held that "the government need not allege
in its indictment and need not prove beyond reasonable doubt that
a defendant had prior convictions for a district court to use those
convictions for purposes of enhancing a sentence." See also United
States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (noting that
Almendarez-Torres was not overruled by Booker).  In United
States v. Washington, 404 F.3d 834, 842-43 (4th Cir. 2005), this
court, applying Shepard v. United States, 125 S. Ct. 1254 (2005),
held that relying on facts outside the indictment in order to
conclude a prior conviction for burglary was a crime of violence
that enhanced the defendant's offense level was plain error

warranting correction.  Querubin's case is distinguishable from the facts in <u>Washington</u> because the district court's assessment of criminal history points in this case only required that the district court determine when Querubin committed the offenses relative to the date of the instant offense and how long his probation lasted.  The district court's assessment of criminal history points because Querubin was under a criminal justice sentence when he committed the charged offenses was not improper. <u>See</u> <u>Shepard</u>, 125 S. Ct. at 1263.

Querubin finally claims that the district court improperly sentenced him when it attributed a drug quantity to him greater than that found by the jury.  Querubin preserved this issue for appeal by raising it in the district court.  In <u>Booker</u>, the Supreme Court concluded that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment.  <u>Booker</u>, 125 S. Ct. at 746, 750.  Here, the district court's use of 993.6 grams of methamphetamine and 28.1 grams of marijuana went beyond the jury's verdict because the jury found Querubin responsible for only 73.91 grams of methamphetamine.  In light of <u>Booker</u>, we vacate Querubin's sentence and remand the case for resentencing.[*]  Although the

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the

- 6 -

sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We affirm Querubin's convictions. In light of <u>Booker</u>, we vacate Querubin's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED</u>
<u>AND REMANDED IN PART</u>

----

time" of Querubin's sentencing.