**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 06-4739

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENANTE BONITO QUERUBIN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (2:04-cr-00002)

───────────────

Submitted: November 27, 2006      Decided: December 28, 2006

───────────────

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Robert B. Rigney, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renante Bonito Querubin was originally sentenced to 260 months' imprisonment for his conviction of possession with intent to distribute methamphetamine in violation of 20 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). Upon Querubin's timely appeal, we affirmed his conviction, vacated the sentence, and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Querubin, 150 F. App'x 233 (4th Cir. 2005) (unpublished). On remand, the district court resentenced Querubin to 252 months' imprisonment. Querubin again appeals. For the reasons that follow, we affirm.

On appeal, Querubin repeats several arguments previously made in his first appeal of the original judgment and order of the district court. However, this court has previously considered and rejected these arguments on appeal. Therefore, these claims are precluded by the mandate rule, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). A trial court may reopen an issue on remand only if (1) there has been a dramatic change in the controlling legal authority, (2) significant new evidence has been discovered, or (3) a blatant

error has occurred that will result in serious injustice if not corrected. Id. at 67. Because Querubin has not shown that any of the exceptions to the mandate rule apply, the district court did not err in refusing to consider these claims.

Querubin also asserts that the district court erred because his sentence was supported by facts not based upon prior convictions, not found by the jury, and not admitted by Querubin himself. In a post-Booker sentencing, the district court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

After Booker, the sentencing court is authorized to make factual findings in order to appropriately determine the defendant's advisory range under the guidelines, as the district court did in the present case. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). Therefore, because the district court sentenced Querubin under an advisory guideline scheme, no Sixth Amendment error occurred. See Hughes, 401 F.3d at 546 (in post-Booker sentencing, district court should make all factual findings appropriate to determination of advisory guideline range).

Moreover, the district court properly calculated and explicitly considered the guidelines range as well as the relevant factors under § 3553(a), and we thus find the sentence was reasonable.

Querubin also contends that the district court did not follow this court's mandate in resentencing because it did not follow the sentencing ranges referenced in this court's opinion. However, this court only referenced specific offense levels in the context of describing the <u>Booker</u> error. This court stated in its original opinion that "[o]n remand, the district court should first determine the appropriate sentencing range under the guidelines, making all the factual findings appropriate for that determination." <u>Querubin</u>, 150 F. App'x at 236. The district court fully complied with and followed this court's mandate.

Accordingly, we affirm Querubin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>